(20 Misc. Rep. 35.)

### HUFF v. JEWETT et al.

(Supreme Court, Special Term, Allegany County. March 24, 1897.)

1. INSURANCE—CONDITIONS OF POLICY—MORTGAGE ON REALTY.
   A policy covering both realty and personalty is not vitiated by the fact that the realty was subject to a mortgage when the policy was issued, where the only provision on the subject in the policy is that, "if the subject of insurance be personal property, and be or become incumbered by a chat- tel mortgage," it shall operate to invalidate the entire policy.

2. COSTS—INDIVIDUAL LIABILITY OF JOINT DEFENDANTS.
   Code Civ. Proc. § 455, providing that the joining of persons severally liable as defendants does not affect the right of either to any order "or other re- lief" to which he would have been entitled if he had been sued separately, does not relieve defendants from liability for costs because the recovery against each was less than $50, where they were sued jointly as under- writers in a policy which limited the liability of each to $50.

Action by Addie Huff against Edgar B. Jewett and others on a fire insurance policy. Judgment for plaintiff.

Smith & Dickson, for plaintiff.
John J. Inman, for defendants.

WOODWARD, J. This is an action to recover on an insurance policy issued to the plaintiff by the Buffalo Fire & Marine Under- writers, through their attorney, Henry S. McFall, on the 26th day of July, 1895. On that day, for and in consideration of $6.75 as premium, Henry S. McFall, attorney for the underwriters, caused to issue a policy of insurance in a sum not exceeding $900 upon certain

real estate and personal property, fully set forth in the policy, located in the town of Granger, in the county of Allegany, and state of New York. On the 8th day of October of that year, and during the term of the policy of insurance, fire upon the premises of the plaintiff, Mrs. Addie Huff, destroyed a portion of the property covered by this policy of insurance, aggregating, as shown by the proofs of loss, $700. It is substantially conceded on the part of the defendants that the loss was sustained, that the proofs were made in the manner indicated in the policy, and that the fire was not due to any action, or refusal to act, on the part of the plaintiff, and that the demand for the payment of the claim complied with all of the provisions of the contract; but it is held on behalf of the defendants that the contract of insurance is vitiated by the fact that at the time of the issuance of the policy of insurance there was an unsatisfied mortgage against the real estate, and that the plaintiff was not in fact the sole owner of the property, as asserted under oath in the proofs of loss. It is also contended that, assuming the judgment of the court to be in favor of the plaintiff, such judgment cannot carry costs, inasmuch as the several defendants are, under the contract, individually and severally liable for the amounts which they have undertaken to insure, and which in this instance aggregate less than $50. The contention of the defendants that the policy of insurance is vitiated by the fact that a mortgage upon the real estate was in existence at the time of the issuance of the policy, and that this fact was not discovered to the agent or attorney of the underwriters, cannot be sustained. There is nothing in the policy which requires the insured to discover to the agent the existence of any such mortgage, while it is specifically provided at line 18 of the policy that, "if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage," it shall operate to invalidate the entire policy, showing conclusively that a mortgage upon real estate was not considered objectionable; and the courts have held repeatedly that a mortgage upon real estate is to be treated as an incumbrance, not as a defect in the "sole ownership" on the part of the insured. The fact of the existence of the mortgage not being material, and in no wise affecting the validity of the contract at the time that it was entered into, the "false swearing" of the plaintiff in the formal proof of loss as to the ownership of the property can have no bearing upon the question, and the plaintiff is clearly entitled to recover the amount of the claim.

The learned counsel for the defendants presents a somewhat novel question when he contends that the plaintiff is not entitled to the costs in this action. He bases his argument in support of this proposition upon the provisions of sections 454 and 455 of the Code of Civil Procedure, which provide that a party may bring an action against persons severally liable at his option, but that "the joining of a person as defendant in an action, with another person, as prescribed in the last section, does not affect his right to any order or other relief to which he would have been entitled, if he had been separately sued in the action." It requires a considerable stretch

of the imagination to suppose that the legislature, in giving the plaintiff the option of suing jointly or severally, had any idea of restricting him in the collection of the costs by the use of the words "or other relief." To compel this plaintiff, a resident of Allegany county, to make a pilgrimage to Buffalo, search out and maintain separate actions against each of the several defendants, with no power to collect the costs, aside from those which might be secured before a justice of the peace, is such a substantial denial of justice that no doubtful construction of the statutes can be tolerated. It seems clear that the fair construction of these sections of the Code are intended to protect the rights of the plaintiff equally with those of the defendant, and that the words relied upon by the defendants to relieve them of the obligations which they assumed in refusing to comply with the terms of their contract with the plaintiff are to be understood to guaranty to the defendant all of his rights as an independent litigant, enabling him to make any special defense which the facts of the case might warrant, but stopping short of relief from contingent liabilities, such as the payment of his pro rata of the costs of the action. To allow an insurance organization in Buffalo to make contracts in Allegany and other rural counties which could only be enforced through the judgments of justices of the peace or other local tribunals in the city of Buffalo, without imposing the costs upon the plaintiffs, would be to permit such organization to accept the premiums upon a line of insurance which would, in nine cases out of ten, be utterly valueless to the insured; and the courts, organized for the purpose of promoting justice, cannot sanction such a construction of the statutes without doing great violence both to the cause of justice and to the rules of common sense.

The plaintiff is entitled to a judgment for the amount of the claim as proved, together with the costs of this action.